**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>J & M Sales, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11801 (JTD)<br><br>(Jointly Administered) |
| George L. Miller, not individually, but as Chapter 7 Trustee of J & M Sales, Inc., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>Seldat, Inc.,<br><br>Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

George L. Miller, not individually, but as chapter 7 trustee (the "Plaintiff" or "Trustee") of the estates of J & M Sales, Inc., *et al.* (collectively, the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Seldat, Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property by the Debtors that occurred during the ninety (90) day period prior to the commencement of the

---

[1] Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

1

bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers by the Debtors that may have been fraudulent conveyances. Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 549 and 550 of the Bankruptcy Code any transfers that were made after the Debtors commenced its bankruptcy case and which transfers were not authorized by the Bankruptcy Code or this Court.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors. Plaintiff does not waive but hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *In re: J & M Sales Inc., et al.,* Case No. 18-11801 (JTD), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, 549 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(B), (F) and (H), and the Court may enter final orders for matters contained herein.

6. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

7. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. On August 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

9. The Court entered an order for joint administration of these cases [Bankr. D.I. 73].

10. On January 28, 2019, an order was entered by the Court converting the Debtors' chapter 11 cases to cases under chapter 7 (the "Conversion Order"), effective February 4, 2019. [Bankr. D.I. 1240].

11. On February 4, 2019, the Trustee was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code (the "Appointment"). [Bankr. D.I. 1262].

12. On September 13, 2019, an order was entered authorizing the Trustee to settle any avoidance actions with gross transfers less than $250,000 without further leave of the Bankruptcy Court, requiring certain notice procedures to the Court for avoidance actions with gross transfers greater than $250,000 but less than $500,000, and requiring Court approval for those with gross transfers greater than $500,000 (the "9019 Order") [Bankr. D.I. 1707].

## THE PARTIES

13. Pursuant to Bankruptcy Code sections 547, 548, 550, and 704(a), the Trustee's Appointment, and as pursuant to the 9019 Order, Plaintiff is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code, including the instant avoidance action.

14. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided transportation management, global supply chain services and technology solutions to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at One Cragwood Road, Suite 103A, South Plainfield, New Jersey 07080. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of Delaware.

## FACTUAL BACKGROUND

15. As more fully discussed in the *Declaration of Curt Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] the Debtors were leading discount retailers offering brand name clothing for men, ladies, boys, girls, juniors, infants and toddlers along with lingerie, shoes, toys and household items.

16. Prior to the Petition Date, Debtors, as a discount retailer, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

17. As discount retailers, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. The Debtors also regularly paid for services used to facilitate its business.

---

[2] Bankr. D.I. 3.

18. The Debtors' financial difficulties that led to the decision to file for chapter 11 bankruptcy protection are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date.[3] These factors included, among other things: (i) the negative retail environment; (ii) the Debtors' operational issues relating to their opening of a distribution center and moving operations; (iii) complications arising out of two hurricanes which caused Debtors to temporarily close a number of stores; (iv) increased operating costs associated with the acquisition of the Conway's stores; and (v) issues arising from a data privacy breach in December 2017.

19. As of the Petition Date, the Debtors utilized a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds in the Debtors' business.[4] As of the Petition Date, the Cash Management System consisted of more than 700 bank accounts (the "Bank Accounts"), the vast majority of which were held at Wells Fargo Bank.

20. The Cash Management System is comprised of various collections and disbursement accounts, as well as separate accounts for each retail store location.

21. Debtors maintained various disbursement accounts held in the names of Debtors National Stores, Inc. (account no. ending in 5933), J&M Sales, Inc. (account no. ending in 5958), FP Stores, Inc. (account no. ending in 5974), J&M Sales of Texas, LLC (account no. ending in

---

[3] A summary of the Debtors' prepetition operations, debt structure, and factors that led to the Bankruptcy Case are set forth in the First Day Declaration and are incorporated herein by reference.

[4] *See Motion of Debtors For Interim and Final Orders (I) Authorizing (A) Continuation of Existing Cash Management System, (B) Maintenance of Existing Business Forms and Bank Accounts, (C) Continuation of Intercompany Transactions, and (D) Payment of Related Prepetition Obligations Pursuant to Sections 105(a), 363(b), and 363(c) of Bankruptcy Code and Bankruptcy Rules 6003 and 6004 and (II) Waiving Requirements Of 11 U.S.C. § 345(b) Of Bankruptcy Code* (Bankr. D.I. 7).

5990), Southern Island Stores, LLC (account no. ending in 8680), and Caribbean Island Stores, LLC (account no. ending in 8356) (collectively, the "Disbursement Accounts").

22. Each Debtor drew upon its respective Disbursement Accounts to pay for its operational costs, including payments to its vendors, suppliers, distributors, and other creditors, including Defendant.

23. During the ninety (90) days before the Petition Date, that is between May 8, 2018, and August 6, 2018 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

24. Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

25. Defendant conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements.

26. As identified in the Agreements identified on Exhibit A, one or more of the Debtors purchased goods and/or services from Defendant.

27. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of Debtors' property made by the applicable Debtor(s) to Defendant within the Preference Period.

28. One or more of the Debtors made transfers of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $1,717,637.20 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)." Additionally, to the extent there are any transfers that cleared the Disbursement Accounts after the Petition Date (the "Post-Petition Transfers"), such amounts are listed on Exhibit A and incorporated herein by reference.

29. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest in its property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

30. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

31.     During the Preference Period, the Debtor(s) identified on <u>Exhibit A</u> made Transfers to or for the benefit of Defendant in an aggregate amount not less than $1,717,637.20. <u>See Exhibit A</u>

32.     Each Transfer was made from one or more of the Disbursement Accounts described *supra,* and constituted transfers of an interest in property of the transferring Debtor(s) as identified on <u>Exhibit A</u>.

33.     Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on <u>Exhibit A</u> goods and/or services identified in this Complaint and in the Agreements, as more fully set forth on <u>Exhibit A</u> hereto, for which the Debtor(s) identified on <u>Exhibit A</u> were obligated to pay following delivery in accordance with the Agreements. *See* <u>Exhibit A</u>.

34.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Debtor(s) identified on <u>Exhibit A</u> to Defendant. *See* <u>Exhibit A</u>.

35.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on <u>Exhibit A</u> to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on <u>Exhibit A</u> hereto. *See* <u>Exhibit A</u>.

36.     Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

37.     Each Transfer was made during the Preference Period, as set forth on <u>Exhibit A</u>.

38. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy cases as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estate.

39. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

40. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

41. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by one Debtor without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor transferor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

   A. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   B. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

C.  The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

42. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Avoidance of Unauthorized Post-Petition Transfers – 11 U.S.C. § 549)

43. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

44. To the extent any of the Transfer(s) identified on Exhibit A cleared the Disbursement Account(s) after the Petition Date, including any Post-Petition Transfers currently listed and identified on Exhibit A, and were not authorized by the Court or the Bankruptcy Code, Plaintiff pleads in the alternative that such Post-Petition Transfers are avoidable pursuant to 11 U.S.C. § 549.

## COUNT IV
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

45. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

46. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post-Petition Transfers pursuant to 11 U.S.C. § 549 (collectively, the "Avoidable Transfers").

47. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

48. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### COUNT V
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

49. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

50. Defendant is a transferee of transfers avoidable under sections 547, 548 and/or 549 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

51. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

52. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

53. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A. On Plaintiff's First, Second, Third and Fourth Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, 549 and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest

extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

      B.      On Plaintiff's Fifth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

      C.      Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 17, 2020

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: /s/ *Jennifer R. Hoover*
Jennifer R. Hoover, Esq. (#5111)
Kevin M. Capuzzi, Esq. (#5462)
John C. Gentile, Esq. (#6159)
Benesch, Friedlander, Coplan & Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7006
Email: jhoover@beneschlaw.com
       kcapuzzi@beneschlaw.com
       jgentile@beneschlaw.com

*-and-*

**ASK LLP**

By: /s/ *Joseph L. Steinfeld, Jr.*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Anastasia Kazmina, Esq., MN SBN 0398419
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3854
Fax: (651) 406-9676
Email: akazmina@askllp.com

*-and-*

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY 10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of J&M Sales, Inc., et al.*