**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>J & M Sales, Inc., *et al.*,[1]<br><br>                     Debtors. | Chapter 7<br><br>Case No. 18-11801 (JTD)<br><br>(Jointly Administered) |
| George L. Miller, not individually, but as Chapter 7 Trustee of J & M Sales, Inc., *et al.*,<br><br>                     Plaintiff,<br><br>    v.<br><br>Seldat, Inc.<br><br>                     Defendant. | Adv. Pro. No. 20-50334 (JTD)<br><br>**Re: Adv. Pro. D.I. 1** |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO**
**AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547,**
**548, 549 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

      Seldat, Inc. ("Defendant" or "Seldat"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses (the "Answer") to the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") filed by George L. Miller, chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estates of J & M Sales, Inc., *et al.*, (collectively, the "Debtors"), and in support hereof states as follows:

---

[1] Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

{00027893.4 }

## NATURE OF THE CASE

1. Paragraph 1 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief.

2. Paragraph 2 of the Complaint contains statements, conclusions of law and a purported reservation of rights to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief.

## JURISDICTION

3. Defendant denies the allegation in paragraph 3 of the Complaint because it calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

4. Defendant denies the allegation in paragraph 4 of the Complaint because it calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

5. Paragraph 5 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

6. Paragraph 6 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

7. Paragraph 7 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

## THE PARTIES

13. Paragraph 13 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

14. Admitted.

## FACTUAL BACKGROUND

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15 of the Complaint. To the extent a response is required, Defendant denies the allegations contained therein.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 16 of the Complaint. To the extent a response is required, Defendant denies the allegations contained therein.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and therefore denies same.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and therefore denies same.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and therefore denies same.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and therefore denies same.

24. Defendant denies the allegations as contained in paragraph 24, but admits it had a business relationship with one or more of the Debtors.

25. Defendant denies the allegations as contained in paragraph 25, but admits it had a business relationship with one or more of the Debtors.

26. Defendant denies the allegations as contained in paragraph 26, but admits it had a business relationship with one or more of the Debtors.

27. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and therefore denies same.

28. Paragraph 28 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Specifically, Defendant denies receiving any of the Transfers identified on Exhibit A to the Complaint.

29. Paragraph 29 of the Complaint contains statements, conclusions of law and a purported reservation of rights to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

30. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

31. Defendant denies the allegations contained in paragraph 31. Specifically, Defendant denies receiving any of the Transfers identified on Exhibit A to the Complaint.

32. Paragraph 32 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

33. Defendant denies the allegations contained in paragraph 33 except admits only that Defendant supplied goods and/or services to one or more of the Debtors from time to time.

34. Paragraph 34 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Specifically, Defendant denies receiving any of the Transfers identified on Exhibit A to the Complaint.

35. Paragraph 35 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

36. Paragraph 36 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

37. Defendant denies the allegations contained in paragraph 37 except admits only that Defendant received payments from one or more of the Debtors from time to time that are immunized from avoidance.

38. Paragraph 38 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

Specifically, Defendant denies receiving any of the Transfers identified on Exhibit A to the Complaint.

39. Paragraph 39 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548)

40. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

41. Paragraph 41 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42. Paragraph 42 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III
### (Avoidance of Unauthorized Post-Petition Transfers – 11 U.S.C. § 549)

43. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

44. Paragraph 44 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT IV
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

45. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

46. Paragraph 46 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

47. Paragraph 47 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Specifically, Defendant denies receiving any of the Transfers identified on Exhibit A to the Complaint.

48. Paragraph 48 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT V
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

49. Defendant repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

50. Paragraph 50 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Specifically, Defendant denies receiving any of the Transfers identified on Exhibit A to the Complaint.

51. Paragraph 51 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Specifically, Defendant denies receiving any of the Transfers identified on Exhibit A to the Complaint.

52. Paragraph 52 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

53. Paragraph 53 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

The "WHEREFORE" clause, including sub-paragraphs (A) to (C) thereof, constitutes a prayer for relief and contains no factual averments to which a response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought therein.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not hereinabove expressly admitted and Defendant further denies that Plaintiff is entitled to any relief or recovery whatsoever from Defendant in this action.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. Defendant requests that the Court deny Plaintiff's requests for relief and award Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

Defendant asserts the following separate and distinct defenses and/or affirmative defenses to the Complaint, without admitting any of the allegations of the Complaint and without admitting or suggesting that Defendant bears the burden of proof on any of the following issues. To the extent any of the allegations in the separate affirmative defenses are inconsistent, they are asserted in the alternative. Defendant reserves the right to supplement, withdraw, or amend any one or more of its affirmative defenses.

### First Affirmative Defense

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, estoppel, *res judicata*, laches, release, unclean hands or any applicable statute of limitations prescribed by law, as well as those limitation periods set forth in 11 U.S.C. §§ 546 and 549.

### Third Affirmative Defense

The Complaint is barred, in whole or in part, because the relief sought in the Complaint is subject to the right of recoupment or setoff.

### Fourth Affirmative Defense

To the extent that each Transfer alleged in the Complaint is found to have been made to Defendant, each such Transfer is not a voidable preference to the extent such Transfer was, pursuant to 11 U.S.C. § 547(c)(1), a contemporaneous exchange for new value given the Debtor(s), and the Transfers were, in fact, a substantially contemporaneous exchange.

### Fifth Affirmative Defense

To the extent that each Transfer alleged in the Complaint is found to have been made to Defendant, the alleged Transfers were in payment of a debt incurred by the Debtor(s) in the ordinary course of business and financial affairs of the Debtor(s) and the Defendant; were made in the ordinary course and business and financial affairs of the Debtor(s) and Defendant; or were made according to ordinary business terms. The subject Transfers are therefore sheltered from avoidance pursuant to 11 U.S.C. § 547(c)(2).

### Sixth Affirmative Defense

Defendant is not a proper party to this action. Defendant did not receive any of the Transfers identified on Exhibit A to the Complaint. Furthermore, Defendant was not a counterparty to the Invoices that the alleged Transfers were made pursuant to.

### Seventh Affirmative Defense

To the extent that each Transfer alleged in the Complaint is found to have been made to Defendant, Plaintiff's recovery of any alleged Transfers should be reduced by subsequent new value transferred by Defendant to the Debtor(s) after each of the alleged Transfers was received; which new value was not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor(s) did not make an otherwise unavoidable transfer to or for the benefit of Defendant. The subject Transfers are therefore sheltered from avoidance pursuant to 11 U.S.C. § 547(c)(4).

### Eighth Affirmative Defense

The Debtors were at all times relevant hereto solvent.

### Ninth Affirmative Defense

Plaintiff lacks standing to bring the claims in the Complaint.

### Tenth Affirmative Defense

To the extent that the Complaint seeks avoidance of alleged Transfers not specifically identified in the Complaint and exhibits thereto, the Complaint should be dismissed for failure to satisfy the pleading requirements of Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8.

### Eleventh Affirmative Defense

To the extent Defendant is a secured creditor, the Transfers are not avoidable.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend or supplement its affirmative defenses as investigation, disclosure and discovery in this case progresses, consistent with applicable law, including without limitation, Federal Rule of civil Procedure 8(c), made applicable by Federal Rule of Bankruptcy Procedure 7008.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to the relief sought, or to any other relief, and pray for judgment against Plaintiff as follows:

(a) that Plaintiff takes nothing by this action;

(b) that the Complaint be dismissed in its entirety with prejudice and that judgment enter for Defendant on all counts of the Complaint;

(c) that Defendant be awarded its costs of suit and reasonable attorneys' fees and other expenses incurred in connection with this action; and

(d) that Defendant be granted such other and further relief as the Court deems just and proper.

Dated: May 6, 2020
      Wilmington, Delaware

Respectfully Submitted,

**THE ROSNER LAW GROUP LLC**

*/s/Jason A. Gibson*
Scott J. Leonhardt (DE #4885)
Jason A. Gibson (DE #6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
leonhardt@teamrosner.com
gibson@teamrosner.com

*Counsel to Defendant*