# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| J & M Sales, Inc., *et al.*,[1] | Case No. 18-11801 (JTD) |
| Debtors. | (Jointly Administered) |
| George L. Miller, not individually, but as Chapter 7 Trustee of J & M Sales, Inc., *et al.*, | |
| Plaintiff, | Obj. Deadline: February 4, 2021 at 4:00 p.m. (ET) |
| vs. | Hrg. Date:  February 25, 2021 at 11:00 a.m. (ET) |
| Defendants Listed Below, | |
| Defendant. | |

| Defendants | Adversary Number |
|---|---|
| American Express Travel Related Services Company, Inc. | 20-50038 |
| C.H. Robinson Worldwide, Inc. | 20-50114 |
| Seldat, Inc. | 20-50334 |
| Shewak Lajwanti Home Fashions, Inc. dba S.L. Home Fashions | 20-50338 |

## PLAINTIFF'S THIRD MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, not individually, but as Chapter 7 Trustee of J & M Sales, Inc., *et al.* (the "Trustee" or "Plaintiff") by and through their undersigned counsel, hereby files this *Third Motion for an Order Approving Settlements of l Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019* (the "Motion").  In further support of the Motion, the Trustee respectfully represents as follows:

---

[1] Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. As more fully discussed in the Declaration of Curt Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions (the "First Day Declaration"), the Debtors were leading discount retailers offering brand name clothing for men, ladies, boys, girls, juniors, infants and toddlers along with lingerie, shoes, toys and household items.

5. Prior to the Petition Date, Debtors, as a discount retailer, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

6. On August 6, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

7. The Court entered an order for joint administration of these cases [Bankr. D.I. 73].

8. On January 28, 2019, an order was entered by the Court converting the Debtors' chapter 11 cases to cases under chapter 7 (the "Conversion Order"), effective February 4, 2019. [Bankr. D.I. 1240].

9. On February 4, 2019, the Trustee was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code (the "Appointment"). [Bankr. D.I. 1262]. Pursuant to sections 542, 547, 548, 550, 704(a), 1106, and 1107 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Trustee is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code.

10. The Trustee has retained special preference counsel that have begun the process of sending demand letters and negotiating settlements (subject to Court approval if required)[2] with entities that received payments in the 90-day period prior to the Petition Date, as well as those that received post-petition transfers that may be subject to turnover.

11. In accordance with his duties under the Bankruptcy Code, the Trustee has reviewed the Debtors' financial books and records and investigated the estates' causes of action to avoid transfers pursuant and/or recover property of their estates pursuant to sections 542 through 550 of the Bankruptcy Code.

12. The Trustee has settled, subject to Bankruptcy Court approval, Avoidance Actions against **four (4)** defendants (the "Defendants"). A list containing the name of each Defendant, the gross amount demanded from that Defendant, the amount paid or to be paid by each Defendant to the Trustee in settlement of each Avoidance Action, and a rationale for each settlement is attached hereto as **Exhibit A**.

---

[2] On August 28, 2019, the Court entered the *Order on Motion for Authority to Settle Classes of Preference Claim Controversies Pursuant to Bankruptcy Rule 9019(b)* (the "Settlement Procedures Order") [D.I. 809]. Pursuant to the Settlement Procedures Order, Avoidance Actions with a gross amount demanded greater than $250,000.00 are subject to the motion requirements of Bankruptcy Rule 9019, while those with smaller gross amounts demanded are subject to either limited notice of settlement procedures or no notice. *See* D.I. 809.

13. To date, the Trustee has not obtained Bankruptcy Court approval for any of the settlements of the Avoidance Actions listed on **Exhibit A** attached hereto.

### RELIEF REQUESTED

14. By this Motion, the Trustee seeks approval of the settlements of the Avoidance Actions listed on **Exhibit A** attached hereto pursuant to Bankruptcy Rule 9019. Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

15. The Trustee is obligated to maximize the value of the estates and make decisions in the best interests of all creditors of the estates. *Id.* at 394. The Trustee believes, in his business judgment, the settlement of the Avoidance Actions against the Defendants listed on **Exhibit A** hereto is in the best interests of the estates and all creditors, especially in light of the cost, uncertainty, and delay of litigation. Courts generally defer to a plaintiff's business judgment when there is a legitimate business justification for the plaintiff's decision. *Id.* at 395.

16. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

17. A review of the four factors from *Martin* demonstrates that the settlements of the

Avoidance Actions against the Defendants are: (i) in the best interests of the estate and all of the creditors; (ii) reasonable; and (iii) within the Trustee's sound business judgment. The Trustee agreed to each Proposed Settlement based on a variety of factors, including potential defenses to underlying claims. The Trustee believes each proposed settlement is well within the range of reasonableness and in the best interests of the Debtors' estates. The settlement of the Avoidance Actions will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses.

18. The Trustee respectfully represents that the compromises reached with each Defendant are fair, reasonable, and in the best interest of the creditors and the Debtors' estates. The Trustee likewise believes the proposed settlements are fair and equitable, and founded on the exercise of sound business judgment by the Trustee. The settlements result in certain payments being made to the estates and the release by the Defendants of various claims such entities may have against the Trustee and the Debtors' estates, in consideration for a release by the Trustee of the various claims able to be asserted against Defendants in the Avoidance Actions, without the Trustee expending significant estate resources litigating such claims.

## NOTICE

19. Notice of this Motion, together with a copy of the Motion, has been given to (i) United States Trustee for the District of Delaware, (ii) the Defendants, and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

**CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached proposed order granting the Plaintiff's Motion approving the settlements of the Avoidance Actions against the Defendants set forth on <u>Exhibit A</u> attached hereto; and granting such other and further relief as the Court deems just and equitable.

Dated: January 14, 2021

        **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

        By: */s/ Jennifer R. Hoover*
        Jennifer R. Hoover, Esq. (#5111)
        Kevin M. Capuzzi, Esq. (#5462)
        John C. Gentile, Esq. (#6159)
        Benesch, Friedlander, Coplan & Aronoff LLP
        1313 North Market Street, Suite 1201
        Wilmington, DE 19801
        Telephone: (302) 442-7006
        Email: jhoover@beneschlaw.com
                kcapuzzi@beneschlaw.com
                jgentile@beneschlaw.com

        *-and-*

        **ASK LLP**

        Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
        Gary D. Underdahl, Esq. MN SBN 0301693
        2600 Eagan Woods Drive, Suite 400
        St. Paul, MN  55121
        Telephone: 651-289-3857
        Fax: (651) 406-9676
        Email: gunderdahl@askllp.com

        Edward E. Neiger, Esq.
        151 West 46th Street, 4th Fl.
        New York, NY  10036
        Telephone: (212) 267-7342
        Fax: (212) 918-3427

        *Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of J&M Sales, Inc., et al.*